The People of the State of New York, Plaintiff, v. Bernard Omilanowicz, Philip Goldberger and Edward Vespi, Otherwise Known as Tony West, Defendants.

Court of General Sessions of County of New York, March 30, 1937.

*William Copeland Dodge, District Attorney [Miles M. O'Brien, Assistant District Attorney, of counsel], for the plaintiff.*

*Newman Levy and Leroy Campbell, for the defendants.*

Freschi, J.  The defendant moves, under section 308 of the Code of Criminal Procedure, for the appointment of two experts in connection with his proposed defense of insanity.  This is vigorously opposed by the district attorney who asks that the defendant be committed to the psychopathic ward of Bellevue Hospital for a reasonable time so that a careful investigation may be instituted as an aid in determining whether the defendant is of sound mind pursuant to section 870 of the Code of Criminal Procedure.  Such commitment in the case at bar must be dependent upon it appearing to the satisfaction of a judge of this court that the defendant is insane.  Of course, this is discretionary; but there must be no abuse of discretion.  Its exercise must be based on facts, present as well as past.  The pathological history of the defendant shows that he has, at times, suffered from psychosis

known as manic-depressive insanity and has been treated at different times in the Dannemora State Hospital.

The moving papers state " the facts upon which counsel deems it proper to interpose the defense of insanity are as follows: On March 24, 1925, the defendant Goldberger was convicted in the County Court, Bronx County, of the crime of burglary, and was sentenced by Hon. Albert Cohn, County Judge, to serve ten years in the State Prison. He was transferred to Clinton Prison and on April 29, 1927, was transferred to Dannemora State Hospital and was diagnosed as suffering from dementia praecox and was returned to Clinton Prison to complete his sentence. In June, 1928, he again manifested signs of insanity and was in consequence readmitted to State Hospital for the Insane on July 11, 1928. He was confined to the Hospital until March 8, 1935, at which time it was deemed safe to discharge him. As his commuted term had expired, he was put on a train to Plattsburg, N. Y., and sent down to New York City."

Nothing has been submitted to me to aid me in determining whether the defendant was suffering from any form of mental ailment at the time of the commission of this crime such as might justify a defense of insanity or, at least, that would raise an issue of fact on that theory. The court must speculate as to the merits of this alleged defense. There is no deposition of any doctor certifying to an opinion as to the defendant's mental state when this crime was committed.

There is no claim by counsel that the defendant is now insane; nor do the motion papers on either side submitted show reasonable grounds for believing that the defendant is of unsound mind. If such grounds were furnished, then two physicians — one of them a qualified psychiatrist — would be appointed; and the court would proceed herein according to the statute in such cases made and provided. Therefore, neither can the court commit this defendant to Bellevue Hospital, nor assign alienists to the defendant to investigate his case as experts until more is known about the state of mind of the defendant when this killing happened.

The motion of the defendant must be denied, with leave to renew on additional papers.