THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY APICELLA, Relator, *v.* SUPERINTENDENT OF KINGS COUNTY HOSPITAL, Respondent.

Supreme Court, Kings County, February 26, 1940.

*Vincent J. Ferreri*, for the relator.

*William J. O'Dwyer, District Attorney* [*John J. Lee* of counsel], for the People.

*William C. Chanler, Corporation Counsel* [*Nat Blum* of counsel], for the respondent.

FROESSEL, J. The relator, on whose behalf a writ of habeas corpus was issued, is a defendant in a criminal action, charged with violation of subdivision 8 of section 722 of the Penal Law. His petition alleges that he has not been permitted to plead, though he appeared for arraignment on February 17, 1940, no bail has

been fixed, and no hearing has been held. These facts are undisputed by the district attorney, the corporation counsel, as well as by the official stenographer present at the time in the City Magistrates' Court, and who was subpœnaed at this hearing.

Relator's counsel charges that the magistrate summarily and arbitrarily committed relator, who has no prior criminal record, to the Kings County Hospital for observation, and that the only apparent reason therefor is because of the nature of the accusation against him. Said counsel challenges the legality of this procedure as a violation of his client's constitutional rights.

Section 870 of the Code of Criminal Procedure, as enacted by chapter 861 of the Laws of 1939, provides, so far as pertinent here, as follows: " If at any time *it shall appear* to a court having jurisdiction of a defendant charged with a felony or a misdemeanor but not under indictment therefor * * * *that there is reasonable ground for believing* that such defendant is in such state of idiocy, imbecility or insanity that he is incapable of understanding the charge or proceedings or of making his defense * * * the court, upon its own motion * * * may *in its discretion* stay the proceedings and order such defendant to be examined to determine the question of his sanity * * *." (Italics supplied.)

It will be noted from the language of the statute which I have italicized that before the procedure authorized is adopted it must appear that there is reasonable ground and the court must exercise discretion. (*People* v. *Omilanowicz*, 162 Misc. 396.) It cannot be done arbitrarily, or merely because of the nature of the charge. I am not unmindful of the good motive that probably dictated the course adopted by the magistrate, but judicial power must be exercised according to law. As was said in *People* v. *McElvaine* (125 N. Y. 596, 608): " It is only when the necessity of such an examination is sufficiently *made to appear* to the court in which the indictment is pending, that it is bound to order an examination; but it would be the plain duty of a court, when the subject is brought to its attention by responsible parties, to itself make a sufficient inspection and examination to determine whether the application is made in good faith and upon plausible grounds, and the apparent facts thus discovered are made the condition of the right of the court to institute the statutory inquisition."

Moreover, some record should be made as the basis for action under said section 870 of the Code of Criminal Procedure. Here no minutes were taken, no hearing was held and no reason whatever is assigned by the magistrate for the action taken. I can conceive of a situation whereby the magistrate's inspection of a defendant and his actions in the courtroom and the latter's prior record might

be sufficient, but at least some record, however informal, should be made of the facts from which it appears that there is reasonable ground for the magistrate's action.

Inasmuch, however, as the relator is not presently entitled to his discharge, the writ must be dismissed, but instead of remanding him to the custody of the superintendent of Kings County Hospital I will remand him to the custody of the warden of the City Prison and the latter will produce him before the City Magistrates' Court, Fifth District, Borough of Brooklyn, on Tuesday morning, February 27, 1940, for all purposes, including the purpose of fixing bail. (Civ. Prac. Act, § 1256.)